IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RYAN E. HOTTMAN,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

Case No. 3:16-cv-02142-AA
**OPINION AND ORDER**

AIKEN, Judge:

Plaintiff Ryan E. Hottman brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Supplemental Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On July 27, 2012, plaintiff applied for SSI. He alleged disability beginning October 21, 1980, due to cerebral palsy, double vision, and brain damage. Plaintiff's application was denied initially and upon reconsideration. On January 30, 2015, plaintiff appeared at a hearing before an ALJ. At the hearing, plaintiff and a vocational expert ("VE") testified. The ALJ found plaintiff not disabled in a written decision issued February 26, 2015. After the Appeals Council denied review, plaintiff filed a complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since the application date. 20 C.F.R. §§ 416.920(a)(4)(i), (b). At step two, the ALJ found plaintiff had the following severe impairments: "cerebral palsy, attention deficit hyperactivity disorder, cognitive disorder, math disorder, and anxiety disorder[.]" Tr. 22; *see* 20 C.F.R. §§ §§ 416.920(a)(4)(ii), (c). At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal one of the "listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ §§ 416.920(a)(4)(iii), (d).

The ALJ then assessed plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). In addition to other limitations not relevant to this appeal, the ALJ found plaintiff

> is limited to performing simple, routine, repetitive tasks consistent with unskilled work; he is limited to low stress work which is defined as work requiring few decisions and few changes; he can have occasional superficial contact with the public and co-workers; and he can perform at a standards or ordinary pace but not at a strict productions rate pace.

Tr. 25. At step four, the ALJ concluded plaintiff had no past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), (f). At step five, the ALJ found plaintiff could perform work existing in the national economy; specifically, plaintiff could work as a small products assembler, a silver wrapper, or a price marker. 20 C.F.R. §§ 416.920(a)(4)(v), (g)(1). Accordingly, the ALJ found plaintiff not disabled and denied his application for benefits.

## DISCUSSION

Plaintiff contends the ALJ committed harmful error by not accounting for certain accommodations recommended by examining psychologist Dr. LeBray and the Office of Vocational Rehabilitation Services ("VRS") when determining which jobs plaintiff could perform.

I. *Treatment of Dr. LeBray's Opinion*

Plaintiff challenges the ALJ's treatment of the opinion of examining psychologist Dr. LeBray. Specifically, plaintiff contends the ALJ erred by failing to address a portion of Dr. LeBray's opinion advising that plaintiff receive certain accommodations for vocational training.

There are three types of medical opinions in Social Security disability cases: those of treating, examining, and reviewing physicians. *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* at 1202; *accord* 20 C.F.R. § 404.1527(d). Accordingly, "the Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Moreover, "the opinion of an examining doctor, even if contracted by another doctor, can only be rejected for specific and legitimate reasons[.]" *Id.* at 830–31.

But the "clear and convincing" and "specific and legitimate" standards only apply when the ALJ rejects all or part of a medical opinion. *See Turner v. Comm'r Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010). If an ALJ credits a medical opinion and incorporates observations from that opinion into the RFC, there is no conflict to resolve. *Id.* Moreover, an ALJ need not use the precise wording of a medical opinion in order to incorporate its findings; indeed, it is the ALJ's

task to translate the often-vague limitations included in medical opinions into "concrete restrictions" applicable to the workplace. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

Dr. LeBray diagnosed plaintiff with adult attention deficit disorder, cognitive disorder NOS, mathematics disorder, and anxiety disorder NOS. He found plaintiff "would be able to learn, understand and perform simpler, semi-structured, paced (unrushed) mental related worklike tasks-routines." Tr. 318. However, he opined plaintiff would "*not* fare well in novel, speeded, demanding 'production' settings with math demands or close attention to detail." Tr. 322 (emphasis in original). He further opined that plaintiff "may do best in work settings where close public or coworker interaction is not required." *Id.* He recommended "reasonable supports and accommodations in all vocational training or schooling," and listed the following:

*Assistance with realistic planning, goal-setting

*Pace-partition all projects, coursework (avoid overload);

*Use daily planner, organizer always

*Preferred classroom seating (avoid distractions)

*Use of calculator for all math

*Simplification of training materials (8-9GE level)

*Digital recorder for oral input (review, recall)

*Double all test times

*Brief breaks per agreed cue (client-instructor)

*Supportive feedback always (avoid harsh, highly critical style)

*Others as client-instructor might agree.

Tr. 323 (emphasis omitted).

The ALJ gave "[g]reat weight" to the opinion of Dr. LeBray. Tr. 29. Plaintiff argues the ALJ erred because the recommended accommodations for vocational training were not expressly discussed in his findings. Specifically, plaintiff contends such lack of express discussion demonstrates the ALJ's failure to consider the vocational training limitations; he avers the number of jobs suggested by the VE at step five could have been significantly reduced had the ALJ considered plaintiff's need for those accommodations. Defendant disagrees, responding that the ALJ gave great weight to Dr. LeBray's opinion as it relates to workplace accommodations, and reasonably did not apply accommodations applicable to vocational training to the workplace generally.

I begin by clarifying that the accommodations included in Dr. LeBray's opinion at issue here are expressly tied to vocational training or schooling. With that said, there are two questions that need to be answered: whether the ALJ was required to consider Dr. LeBray's recommendations for vocational training in formulating the RFC and, if so, whether the ALJ's failure to expressly discuss those accommodations means that the ALJ did not consider them.

I first examine whether the ALJ was required to consider Dr. LeBray's suggested accommodations for plaintiff's vocational training. Recommendations about future vocational training and support do not equate to an opinion that plaintiff is incapable of working except under the recommended conditions. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 691 (9th Cir. 2009) (holding that the ALJ did not err by excluding from the RFC "a recommended way for [the claimant] to deal with his PTSD symptoms"). Also, physician opinions that are recommendations, not imperatives, need not be adopted by the ALJ. *Carmickle v. Commissioner*, 533 F.3d 1155, 1165 (9th Cir. 2008). Accordingly, the ALJ was not required to consider the vocational training part of Dr. LeBray's opinion, and the "clear and convincing"

and "specific and legitimate" standards are inapplicable as there was no rejection of all or part of a medical opinion.

Even if the ALJ had been required to consider the vocational training part of Dr. LeBray's opinion, however, the absence of express discussion regarding the recommended accommodations does not mean that the ALJ did not consider them. Here, the ALJ elaborated Dr. LeBray's assessment in detail. Considering that the ALJ specifically cited and discussed Dr. LeBray's opinion as a whole, it is unlikely that the ALJ read only part of the opinion. Based on the fact that the ALJ not only extensively discussed Dr. LeBray's opinion but also gave it "great weight," it is fair to infer the ALJ did consider Dr. LeBray's opinion, and reasonably interpreted the accommodation for vocational training and schooling as irrelevant to plaintiff's RFC.

Furthermore, although the ALJ was not obligated to adopt Dr. LeBray's accommodation for vocational training and schooling, the advised recommendations were effectively translated into the RFC in a way that is applicable to workplace surroundings. For example, recommendations for "simplification of training materials" and "pace-partition all projects, coursework[,]" Tr. 323, were incorporated into the portion of the RFC limiting plaintiff's work to performing "simple, routine, repetitive tasks consistent with unskilled work" and "at a standard or ordinary pace but not at a strict production rate pace[,]" Tr. 24.

In sum, I find no error in the ALJ's treatment of Dr. LeBray's opinion. The ALJ was not required to consider recommendations about future vocational training. Even assuming that there was such a requirement, the ALJ did not reject any portion of Dr. LeBray's opinion but reasonably translated the assessed limitations to concrete workplace limitations in the RFC.

II. *Treatment of VRS Assessment*

Plaintiff also challenges the ALJ's treatment of the evaluations conducted by VRS. Echoing his first argument, plaintiff contends the ALJ erred by failing to address the rehabilitation counselors' opinion that plaintiff "will need training and job accommodation to allow for extra time for him to train and to develop work skills and learn work strategies to help him perform up to the employer expectation." Tr. 338.

The opinion by VRS's rehabilitation counselors constitutes an opinion from a "non-medical source." SSR 16-3p, 2016 WL 1119029, *7 (Mar. 16, 2016). An ALJ may discount the opinion of a non-medical source by providing reasons that are "germane." *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993) (citing *Sprague v. Bowen*, 812 F.3d 1226, 1232 (9th Cir. 1987)). An ALJ's failure to comment on other source evidence is harmless, however, when the other source evidence mirrors limitations found elsewhere in the record and the ALJ has adequately addressed those limitations. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

Here, plaintiff is correct in that the ALJ was required to consider the VRS records. The ALJ erred by failing to expressly discuss those records. However, the evaluation by VRS merely suggested accommodation for allowing extra time for plaintiff "to help him perform up to the employer expectation." Tr. 338. That evaluation is consistent with the accommodations recommended by Dr. LeBray. Furthermore, the RFC limiting plaintiff to simple tasks with no strict production rate pace properly translates the essence of the VRS evaluation. Therefore, I find the ALJ's error harmless as to the treatment of non-medical other source evidence.

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 17 day of October 2017.

/s/ Ann Aiken
Ann Aiken
United States District Judge